759 P.2d 915

**John MADSEN, Plaintiff–Appellant,**

v.

**IDAHO DEPARTMENT OF HEALTH AND WELFARE & Jerry Nuxoll, Defendants–Respondents.**

**No. 17121.**

Court of Appeals of Idaho.

May 17, 1988.

John Madsen, Boise, pro se.

Jim Jones, Atty. Gen., Teresa A. Sobotka, Deputy Atty. Gen., Boise, for defendants-respondents.

Before WALTERS, C.J., BURNETT, J., and McFADDEN, J. Pro Tem.

PER CURIAM.

This case involves a rather unusual appellate procedure on review of a district court's order refusing to waive fees and costs for the perfection of an appeal in another action. Concluding that the order should be reconsidered by the district court, we remand the waiver question for further proceedings.

The circumstances giving rise to this appeal are as follows. John Madsen filed an action in the district court to recover damages for mental anguish and physical suffering allegedly caused by an abusive and threatening telephone call made to him by the respondent, Jerry Nuxoll, an employee of the Department of Health and Welfare. Madsen's claim was dismissed without prejudice by the district court for failure of Madsen to comply with the notice requirements of the Idaho Tort Claims Act, I.C. §§ 6–905, 908. Madsen appealed from the dismissal order. The appeal was assigned number 16996 in the Supreme Court. In his pleading instituting the appeal, Madsen asserted he was exempt from payment of a filing fee, and of fees and costs for the preparation of transcript and record on appeal, "because of his pro forma pauperis status." The Supreme Court entered an order waiving only the filing fee for that appeal. *See* I.A.R. 23(c), (d).

■ Subsequently, the district court entered an order reciting: "Pursuant to Idaho Code 31–3220(2), it is hereby *Ordered* that all appellate fees and costs, including that of a transcript, if requested, not be waived, as this Court certifies that this appellate action is frivolous." (Emphasis original.) Madsen then filed a notice of appeal from that order, which appeal was filed as number 17121, and an order was entered by the Supreme Court suspending further proceedings in case number 16996, pending determination of the instant appeal. The instant case was then assigned to the Court of Appeals for disposition.[1]

The filing fee having been waived by the Supreme Court, the sole question thus presented in this appeal is whether the district court ·erred in refusing to exempt Madsen from the payment of a fee for the reporter's transcript and the costs of a clerk's record, in appeal number 16996, on the ground that the appeal was frivolous.

■ Idaho Code § 31–3220 provides the statutory basis for waiving fees and costs in civil actions, including appeals in such actions. The pertinent provisions of that section recite:

*Inability to pay fees—Affidavit.*—(1) The district court, or the magistrates division thereof, may authorize the commencement or defense of any civil suit, action or proceeding, or an appeal therein, without prepayment of fees, costs or security therefor, by any person who makes affidavit that he is indigent and unable to pay such costs or give security therefor, whenever the court finds, after informal inquiry, the person to be indigent for the purpose of prepayment of fees, costs or security in a civil action or proceeding. Such affidavit shall state the nature of the action, defense or appeal and the affiant's belief he is entitled to redress.

(2) No fees, costs or security shall be waived for an appeal if the trial court certifies in writing that the action is friv-

---

1. Serious doubt exists as to whether the present appeal has been taken from an appealable order, in light of the pendency of its corollary case number 16996, previously filed. The appeal in · the latter case is "deemed to include, and present on appeal: [a]ll interlocutory or final judgments, orders and decrees entered *after* the judgment, order or decree appealed from." I.A.R. 17(e)(1)(C) (emphasis added). *See, e.g., Johnson v. Jones,* 105 Idaho 602, 671 P.2d 1065 (1983). However, inasmuch as the Supreme Court has, by its own order, (a) treated the instant matter as a discrete appeal by giving it a designation and a case number separate from the appeal in number 16996, (b) assigned this case to the Court of Appeals for determination, and (c) suspended further proceedings in 16996 until the instant appeal be decided, we will deem the unusual circumstances of this case to involve a separately appealable order "made after final judgment." *See* I.A.R. 11(a)(6). The Supreme Court's directive notwithstanding, it seems to us that the question presented in the instant appeal should have been reviewed through the process of appellate motion practice, rather than as an appeal separate from its parent case, number 16996.

olous or malicious or that it is not taken in good faith.

(3) The court may, upon the filing of a like affidavit and a finding of indigency, direct that the expense of printing the transcript or record on appeal be paid out of the district court fund of the county in which the civil suit, action or proceeding is filed.

These statutory provisions have been supplemented by appellate rules adopted by our Supreme Court. For instance, under I.A.R. 23, the Supreme Court will entertain a recommendation from the district court with respect to the waiver of a filing fee for an appeal, but the Supreme Court makes the final determination in that regard. As to waiver of transcript fees or record costs, however, the initial decision lies with the district court, I.A.R. 24(e) and 27(e), subject to appellate review of the district court's exercise of discretion. *See Johnson v. Jones,* 105 Idaho 602, 671 P.2d 1065 (1983).

There is no question but that Madsen was indigent when he filed the notice of appeal in case number 16996, particularly in view of the Supreme Court's order that the filing fee, which is collected by the district court clerk and transmitted to the Supreme Court, be waived for that appeal. I.A.R. 23. The question then narrows to the district court's discretionary ruling refusing to waive further fees and costs incurred in the district court on the ground that the appeal in 16996 was "frivolous." In its written decision determining that Madsen's complaint should be dismissed, the district court pointed out that Madsen had failed to comply with the notice requirements of the Tort Claims Act. However, the court also noted that the limitation period of six months allowed by I.C. § 6–905 had not yet expired, within which Madsen could still file notice of a tort claim with the Secretary of State's office, in compliance with the Tort Claims Act. The court thus dismissed Madsen's action without prejudice. Evidently, instead of following the court's suggested procedure, Madsen filed a notice of appeal from the order of dismissal. With the case in that posture, the district court, for the purpose of deciding the waiver of costs question, subsequently determined Madsen's appeal was frivolous. From that decision the instant appeal was taken.

In dismissing Madsen's complaint because of failure to comply with the notice requirements of the Tort Claims Act, the district court seemed to have treated the defendants—the Department of Health and Welfare and its employee, Jerry Nuxoll— as a single entity for the purposes of responsibility. *See e.g., Overman v. Klein,* 103 Idaho 795, 654 P.2d 888 (1982) (cited by the district court in its order of dismissal). We note, however, that the applicability of the Tort Claims Act turns on whether an alleged governmental employee committed a tortious act within the course and scope of his or her employment and whether that employee so acted without malice or criminal intent. I.C. § 6–904. Here Madsen's complaint alleged he was aggrieved by the "malicious" conduct of defendant Nuxoll.

The district court's decision to dismiss Madsen's complaint is silent with regard to any consideration of the allegedly "malicious" nature of Nuxoll's conduct. We are unable to discern whether the court's failure to consider that point was inadvertent or intentional. As a result, we do not know what impact, if any, such an allegation may have had upon the district court's conclusion that the appeal from the dismissal order was frivolous.

It has been suggested that, when exercising discretion, a trial court should engage in a reasoning process encompassing careful consideration of relevant factual circumstances, to assure that the discretionary choice is not made arbitrarily. IDAHO APPELLATE HANDBOOK § 3.4 (Idaho Law Foundation, Inc. 1985). We believe the allegation of maliciousness should have been explicitly taken into account by the district court in reaching its conclusion regarding the extent to which compliance with the Tort Claims Act was necessary, and, ultimately, therefore, whether the appeal from the dismissal order was frivolous. Because the discretionary decision of the district court under I.C.

§ 31-3220(2) was flawed in this respect, we vacate the order and remand the question as to the waiver of costs for preparation of the clerk's record and of fees for preparation of the reporter's transcript in case number 16996 to the district court for further consideration and determination.

 Finally, we mention the allowance of costs and attorney fees for this appeal. Neither party has requested an award of attorney fees so none will be allowed. As to costs, the Supreme Court previously entered an order in this case reserving the question of reimbursement to Ada County for appellate fees and costs for an appropriate order of the Supreme Court following determination of whether the appeal in case number 16996 is frivolous. Thus we allow no costs at this time.