828 P.2d 902

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Norman A. HARDMAN, Defendant–Appellant.**

**No. 18783.**

Court of Appeals of Idaho.

March 18, 1992.

---

Norman A. Hardman, pro se.

Larry J. EchoHawk, Atty. Gen., Kevin P. Cassidy, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Norman Hardman was found guilty by a jury of the misdemeanor offenses of obstructing a police officer, I.C. § 18–705, and of assaulting a police officer, I.C. §§ 18–901, 915. Before the trial, a magistrate, who is a member of the Idaho National Guard, held a hearing to determine whether there was sufficient evidence to bind Hardman over for trial. Hardman challenges the validity of the hearing on the basis that it violates the Idaho State Constitution for a magistrate to be a member of the Idaho National Guard. Following his conviction, Hardman filed a motion for a new trial on the basis that the prosecutor withheld exculpatory evidence. The district court denied the motion for a new trial. Hardman appeals, arguing that he

should have had a new probable cause hearing and a new trial. Hardman also disputes a Supreme Court order denying his motion to waive transcript fees.

We turn first to the question whether the district court erred by denying Hardman's motion to waive the fees for the preparation of the transcripts for his appeal. The district court held a hearing and denied the motion on the basis that Hardman was employed and was financially able to pay for the preparation of the transcripts. Hardman then filed a motion with the Clerk of the Supreme Court for waiver of transcription fees on appeal. The Supreme Court denied Hardman's motion. The Court also denied a motion for augmentation of the record and withdrew a previously entered order requiring the preparation of the transcripts. After the Supreme Court entered its order, the case was assigned to the Court of Appeals for disposition.

 Though Hardman has presented argument on this issue on appeal, we conclude this issue has already been expressly resolved by the Supreme Court. The initial decision regarding the waiver of transcript fees or record costs lies with the district court pursuant to I.A.R. 24(e) and I.A.R. 27(e); the district court's decision is discretionary and is subject to appellate review. *See Madsen v. Dept. of Health and Welfare,* 114 Idaho 624, 759 P.2d 915 (Ct.App. 1988) (court remanded case for review of indigent's motion to waive transcript fees in civil case). In the present case, the issue whether transcript fees should be waived was submitted to the Supreme Court through an appellate motion. The Supreme Court denied the motion; this issue is thus foreclosed from further review. *See, e.g., State v. Lee,* 117 Idaho 203, 786 P.2d 594 (Ct.App.1990).

We turn next to the question whether the district court erred by denying Hardman's motion to remand the case to the magistrate division for a probable cause hearing before a magistrate who was not acting in purported violation of the separation of powers provision of the Idaho Con-

stitution, art. 2, § 1. Hardman's argument is that he was denied due process because of Magistrate Gordon W. Petrie's affiliation with the National Guard.

 The district court did not err in denying Hardman's motions to remand to the magistrate division because the relief sought was unnecessary and duplicative of proceedings which had already taken place. Our review of the record reveals the following. Magistrate Petrie conducted a probable cause hearing only as to the charge of assault upon a police officer. Two weeks after that hearing, Magistrate Petrie voluntarily disqualified himself from the case after Hardman filed a motion to disqualify the magistrate. Subsequently, another magistrate, William B. Dillon, conducted another preliminary hearing on the assault charge and independently determined probable cause. As to the charge of obstructing a police officer, Magistrate Petrie disqualified himself from that case. After Hardman filed a motion to dismiss this charge, Magistrate William D. Jordan conducted a preliminary hearing and found probable cause as to that charge. The purported error[1] in the preliminary hearing conducted by Magistrate Petrie, if any, was cured by the additional independent probable cause hearings and determinations by two other magistrates.

 Assuming, without deciding, that the magistrate was serving two branches of government in violation of the Idaho Constitution, any error at the preliminary hearing was also cured by the subsequent jury trial, whose fairness is not challenged by Hardman on appeal. Where the fairness of a trial is uncontested, errors at the preliminary hearing are not grounds for vacating a conviction. *See State v. Mitchell,* 104 Idaho 493, 500, 660 P.2d 1336, 1343 (1983), *cert. denied,* 461 U.S. 934, 103 S.Ct. 2101, 77 L.Ed.2d 308 (1983) (even where magistrate relied on evidence at preliminary hearing that was ultimately determined to be inadmissible, error was not ground for vacating conviction); *compare State v. Wuthrich,* 112 Idaho 360, 732 P.2d

---

1. We intimate no view as to the merits, or lack thereof, of Hardman's constitutional argument.

329 (Ct.App.1986) (the denial of an accused's right to counsel at the preliminary hearing may affect the eventual fairness of the trial). Hardman does not contend that he was denied any fundamental right at the preliminary hearing which ultimately affected the fairness of the trial. The district court's order denying the motions to remand is affirmed.

We turn finally to the question whether the district court erred in denying Hardman's motion for a new trial. Hardman based his motion for a new trial on the argument that, after the trial, he obtained an audiotape from the prosecutor which contained exculpatory evidence. The decision whether to grant a new trial rests in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *State v. Olin*, 103 Idaho 391, 399, 648 P.2d 203, 211 (1982); *State v. Brazzell*, 118 Idaho 431, 436, 797 P.2d 139, 144 (Ct.App.1990). A motion for a new trial based on newly discovered evidence must satisfy all of the following tests: (1) the evidence is newly discovered and was unknown to the defendant at the time of the trial; (2) the evidence is material, not merely cumulative or impeaching; (3) the evidence will probably produce an acquittal; and (4) failure to learn of the evidence was not due to lack of diligence on the part of the defendant. *State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976); *State v. Pugsley*, 119 Idaho 62, 63, 803 P.2d 563, 564 (Ct.App.1991).

An appellant bears the burden of furnishing a record sufficient to enable an appellate court to evaluate his claim of error and to decide the case. *See State ex rel. Hodges v. Hodges*, 103 Idaho 765, 653 P.2d 1177 (1982); *State v. Phillips*, 118 Idaho 27, 29, 794 P.2d 297, 299 (Ct.App. 1990). Although Hardman's motion for a new trial is contained in the appellate record, the record does not include a transcript of the hearing on the motion, court minutes, or the order of the district court. Without an adequate record, it is impossible for us to determine whether Hardman satisfied the four requirements necessary to support the grant of a new trial on the

basis of newly discovered evidence and whether the district court abused its discretion in denying Hardman's motion for a new trial. We will not presume error on appeal. *Phillips*, 118 Idaho at 29, 794 P.2d at 299; *State v. Bylama*, 103 Idaho 472, 475, 649 P.2d 1228, 1231 (Ct.App.1982). Thus, we affirm the district court's denial of the motion for a new trial.

The judgment of conviction is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.