# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38521

| | |
|---|---|
| MATTHEW ANTHONY HARPER, ) | 2012 Unpublished Opinion No. 464 |
| ) | |
| Plaintiff-Appellant, ) | Filed: May 7, 2012 |
| ) | |
| and ) | Stephen W. Kenyon, Clerk |
| ) | |
| MARY HARPER, ) | THIS IS AN UNPUBLISHED |
| ) | OPINION AND SHALL NOT |
| Plaintiff, ) | BE CITED AS AUTHORITY |
| ) | |
| v. ) | |
| ) | |
| KRISTEN DRZAYICH, fka SEAMONS, ) | |
| ) | |
| Defendant-Respondent, ) | |
| ) | |
| and ) | |
| ) | |
| DANNY SEAMONS, KATHLEEN ) | |
| SEAMONS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Dennis E. Goff and Richard D. Greenwood, District Judges.

Order denying motion for judgment notwithstanding the verdict, a new trial, or additur, <u>affirmed</u>.

David R. Purnell of Purnell Law Offices PLLC, Meridian, for appellant.

Rodney R. Saetrum of Saetrum Law Offices, Boise, for respondent.

_____

MELANSON, Judge

Matthew Anthony Harper appeals from the district court's order denying his motion for judgment notwithstanding the verdict, a new trial, or additur. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Harper filed a complaint in 2006, alleging that Kristen Drzayich negligently operated a vehicle, caused an accident with Harper's vehicle, and injured Harper as a result. After a trial, the jury returned a special verdict finding that Drzayich was negligent, 100 percent at fault, and proximately caused damages to Harper. The jury awarded Harper $4100 for economic damages. The district court entered a judgment reflecting the jury verdict. Harper filed a motion for judgment notwithstanding the verdict (JNOV), a new trial, or additur. Drzayich filed a motion for costs and attorney fees, alleging she was the prevailing party on the issue of damages at trial. Following a hearing on both parties' motions, the district court denied Harper's motion and awarded costs to Drzayich. After subtracting the award of costs granted to Drzayich from the jury's award to Harper, the district court entered a final judgment in favor of Harper in the amount of $42.25.

Harper filed a notice of appeal and a motion and amended motion seeking a waiver of the filing fee and the costs of the preparation of the clerk's record and trial transcript based on his alleged indigence. On February 22, 2011, the Idaho Supreme Court entered an order conditionally dismissing Harper's appeal for nonpayment of fees. A hearing on Harper's motion for a waiver of fees was held by the district court on March 14. At the hearing, the district court stated:

> So I am unwilling at this point to find [Harper] indigent within the meaning of the rule. So I am going to deny the motion. Or as you properly pointed out, it's a recommendation; it's not a ruling. It's my recommendation the Supreme Court application be denied.

After counsel requested an order, the district court stated:

> If you want to submit one. I mean, I'll get you an order.
> What I will direct is that my court reporter place a transcript of today's hearing in the record so you have that on appeal by way of findings. Then I will just simply order incorporating it with my oral findings.

On March 15, Harper paid the filing fee and cost of the clerk's record on appeal. He also filed an amended notice of appeal. In his amended notice of appeal, Harper did not request

2

preparation of the reporter's transcript.[1]  On April 13, Harper filed a motion for a waiver of fees with the Idaho Supreme Court.  In that motion, Harper asked the Court to reject the recommendation of the district court and allow the waiver of transcript and record costs "to prosecute the appeal in this matter, pursuant to Idaho Code Section 31-3220, Rule 23 of the Idaho Appellate Rules, and other applicable authority."  The Court entered an order denying Harper's motion on May 16.

## II.

## ANALYSIS

### A.    Waiver of Fees and Costs

Harper asserts that the appellate filing fee and the costs for preparation of the clerk's record and trial transcripts should have been waived by the district court based on Harper's indigence.  Harper additionally asserts that the Idaho Supreme Court erred by following the district court's recommendation to deny his motion for a waiver of fees and costs.

Although Harper has presented argument on appeal, this issue has already been expressly resolved by the Idaho Supreme Court.  A review of the applicable rules is instructive.  The initial decision regarding the waiver of transcript fees or record costs lies with the district court pursuant to I.A.R. 24(h) and I.A.R. 27(f).[2]  The district court's decision is discretionary and is subject to appellate review.  *See Madsen v. Dep't of Health and Welfare*, 114 Idaho 624, 627, 759 P.2d 915, 918 (Ct. App. 1988).  Pursuant to I.A.R. 23, the decision regarding the waiver of appellate filing fees lies with the Idaho Supreme Court upon recommendation from the district

---

[1]     In Harper's amended notice of appeal, Harper explained:
   [Harper] has moved for the District Court to waive the payment of transcript costs, due to his indigency.  However, the District Court has ruled (recommended) that those costs not be waived by the Court. . . .  Due to necessity, no transcript is now ordered.  The claim of indigency is preserved, and the failure to waive the transcript is prejudicial to this appeal.

[2]     Idaho Appellate Rule 24(h) provides:  "The payment of the reporter's fee as required by this rule may be waived by the district court pursuant to section 31-3220, Idaho Code, in accordance with the local rules of the judicial district of the district court."  Idaho Appellate Rule 27(f) provides:  "The payment of the clerk's record fee as required by this rule may be waived by the district court pursuant to section 31-3220, Idaho Code, in accordance with the local rules of the judicial district of the district court."

court from which the appeal is taken.[3] As described above, in the present case, the issue whether transcript fees, record costs, and appellate filing fees should be waived was submitted to the Idaho Supreme Court by motion on April 13, 2011, and denied on May 16. Therefore, we decline to further review this issue. *See State v. Hardman*, 121 Idaho 873, 875, 828 P.2d 902, 904 (Ct. App. 1992) (holding that the issue of the denial of a defendant's motion for waiver of fees for preparation of transcripts for appeal was foreclosed from further review because the issue was submitted to the Idaho Supreme Court through an appellate motion and denied).

## B.     Denial of Motion for JNOV, New Trial, or Additur

Harper argues that the district court erred by denying his motion for JNOV pursuant to I.R.C.P. 50(b). Specifically, Harper asserts that, based upon the testimony adduced at trial, reasonable minds could not conclude that Drzayich was 100 percent responsible for injury caused to Harper by Drzayich's negligence; award some economic damages; but not award anything for pain, suffering, or other noneconomic damages.

We first note that appeals may be dismissed because of substantial defects that render a proper disposition of the case on appeal impossible. *Bernard v. Roby*, 112 Idaho 583, 589, 733 P.2d 804, 810 (Ct. App. 1987). In the absence of an adequate record to decide a case, or a sufficient reason for failure to produce a record, an appellate court may summarily affirm. *Id.* at 588, 733 P.2d at 809; *see also Garcia v. Pinkham*, 144 Idaho 898, 900, 174 P.3d 868, 870 (2007) (holding that the appellant has the burden to prove error and finding that the transcript provided on appeal was insufficient to allow review); *Fritts v. Liddle & Moeller Const., Inc.*, 144 Idaho 171, 174, 158 P.3d 947, 950 (2007) (holding that review of fact-dependent claims was not possible because the petitioner had failed to provide an adequate record and finding that in such a case a presumption arises that the evidence supported the lower court's decision). It is the

---

[3]     Idaho Appellate Rule 23(c) provides:

> Any appellate filing fee set forth under subsection (a) of this rule may be waived pursuant to section 31-3220, Idaho Code, if such waiver is approved by the Supreme Court. Any party desiring waiver of the appellate filing fee in a civil appeal shall first make application to the district court or administrative agency from which the appeal is taken in accordance with the rules of procedure adopted by the judicial district of the district court or the administrative agency from which the appeal is taken. The order of the district court or administrative agency recommending waiver or no waiver of the appellate filing fee shall be filed by the appellant with the notice of appeal.

responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.*

In determining whether the motion for JNOV should have been granted, the appellate court applies the same standard as does the trial court that passed on the motion originally. *Quick v. Crane,* 111 Idaho 759, 764, 727 P.2d 1187, 1192 (1986). The issue to be determined on a motion for JNOV is whether substantial evidence supports the jury's verdict. *Lanham v. Idaho Power Co.*, 130 Idaho 486, 495, 943 P.2d 912, 921 (1997). Substantial evidence does not require that the evidence be uncontradicted. *Highland Enterprises, Inc., v. Barker*, 133 Idaho 330, 337, 986 P.2d 996, 1003 (1999). Rather, the evidence need only be of sufficient quantity and probative value that reasonable minds could conclude that the verdict of the jury was proper. *Id.* Upon a motion for JNOV, the moving party admits the truth of all adverse evidence and all inferences that can legitimately be drawn from it. *Id.* In ruling on a motion for JNOV, the trial court cannot weigh the evidence, assess the credibility of the witnesses, or make its own factual findings and compare them to those of the jury. *Id.* The trial court draws all inferences in favor of the nonmoving party. *Id.* The motion should be granted only where there can be but one conclusion as to the verdict that reasonable minds could have reached and when that conclusion does not conform to the jury verdict. *Id.* The function of a JNOV is to give the trial court the last opportunity to order the judgment that the law requires. *Quick*, 111 Idaho at 764, 727 P.2d at 1192.

As noted above, Harper did not request preparation of the reporter's transcript in his amended notice of appeal. As such, the trial transcript is not part of the record on appeal. Therefore, Harper has failed to provide an adequate record to support his claim that, based upon the testimony adduced at trial, reasonable minds could not conclude that Drzayich was 100 percent responsible for injury caused to Harper by her negligence; award some economic damages; but not award anything for pain, suffering, or other noneconomic damages. Accordingly, we will not presume that the district court erred by denying Harper's motion for JNOV.

Harper next asserts that the district court erred by denying his motion for a new trial. On appeal, we review a trial court's decision to grant or deny a new trial for an abuse of discretion,

and we will not disturb that decision absent a manifest abuse of this discretion. *Lanham,* 130 Idaho at 497-98, 943 P.2d at 923-24; *Burggraf v. Chaffin*, 121 Idaho 171, 173, 823 P.2d 775, 777 (1991).

Harper argues that the district court should have granted his motion for a new trial pursuant to I.R.C.P. 59(a)(5) because the zero award for noneconomic damages was inadequate and given under the influence of passion or prejudice. Indeed, I.R.C.P. 59(a)(5) authorizes the trial court to grant a new trial where the jury's award of damages was excessive or inadequate, appearing to have been given under the influence of passion or prejudice. The proper focus for a trial court when addressing a motion for a new trial based upon inadequate or excessive damages was described by the Idaho Supreme Court in *Dinneen v. Finch*, 100 Idaho 620, 625-26, 603 P.2d 575, 580-81 (1979):

> Where a motion for a new trial is premised on inadequate or excessive damages, the trial court must weigh the evidence and then compare the jury's award to what he would have given had there been no jury. If the disparity is so great that it appears to the trial court that the award was given under the influence of passion or prejudice, the verdict ought not stand. It need not be proven that there was in fact passion or prejudice nor is it necessary to point to such in the record. The appearance of such is sufficient.

Here, in denying Harper's motion for a new trial, the district court concluded:

> The evidence supports the verdict of the jury. However, the damages found by the jury verdict are more than this Court would have found. At the conclusion of the closing arguments based upon [Drzayich's] closing statement, this Court thought that it may have given [Harper] enough damages to go to the Doctor and possibly have an MRI performed to be sure that [Harper] did not suffer some injury in the vehicle accident. The damages of $4,100.00 do not appear to have been given under the influence of passion or prejudice. The Court was estimating approximately $1,200. The difference between what the Court would have awarded and the jury awarded does not shock the conscience of the Court.

Accordingly, the district court weighed the evidence, compared the jury's award to what it would have given had there been no jury, and found that the jury's award was not given under the influence of passion or prejudice. We have no trial transcript from which to discern whether there was any error in the district court's perception of the evidence. Therefore, Harper has not shown that the district court erred by denying Harper's motion for a new trial pursuant to I.R.C.P. 59(a)(5).

Harper also argues that the district court should have granted his motion for a new trial pursuant to I.R.C.P. 59(a)(1) & (7), as the Idaho Supreme Court did in *Cramer v. Slater*, 146 Idaho 868, 879, 204 P.3d 508, 519 (2009), due to inconsistencies in the jury's verdict form. However, Drzayich argues that, according to *Baldwin v. Ewing*, 69 Idaho 176, 180, 204 P.2d 430, 432 (1949), Harper did not timely raise this issue. In *Baldwin*, the Idaho Supreme Court held that the time for challenging a verdict as inconsistent is when it is returned. *Id.* The Idaho Supreme Court reiterated this standard in *Cramer*, 146 Idaho at 879, 204 P.3d at 519 and *Crowley v. Critchfield*, 145 Idaho 509, 512, 181 P.3d 435, 438 (2007). Again, because Harper did not request the production of the trial transcript in his amended notice of appeal, there is no transcript in the record on appeal. Therefore, we cannot ascertain whether Harper raised the issue of inconsistencies in the jury's verdict before the jury was discharged. In the absence of an adequate record on appeal, we will not presume that the district court erred by denying Harper's motion for a new trial due to inconsistencies in the jury's verdict form.

Harper additionally asserts that the district court should have granted his motion for a new trial pursuant to I.R.C.P. 59(a)(6) because the evidence is insufficient to justify the verdict. When a motion for a new trial is based on the ground of insufficient evidence to justify the verdict, the trial court must weigh the evidence presented at trial and grant the motion only where the verdict is not in accord with its assessment of the clear weight of the evidence. *Lanham,* 130 Idaho at 498, 943 P.2d at 924; *Pocatello Auto Color, Inc. v. Akzo Coatings, Inc.*, 127 Idaho 41, 45, 896 P.2d 949, 953 (1995). In ruling on the motion, the trial court must independently assess the credibility of the witnesses. *Lanham,* 130 Idaho at 498, 943 P.2d at 924; *Quick*, 111 Idaho at 766, 727 P.2d at 1194. The trial court is not required to construe the evidence in favor of the jury verdict. *Lanham,* 130 Idaho at 498, 943 P.2d at 924; *Quick*, 111 Idaho at 767, 727 P.2d at 1195. To grant a new trial, the court must apply a two-prong test: (1) the court must find that the verdict is against the clear weight of the evidence and that the ends of justice would be served by vacating the verdict; and (2) the court must conclude that a retrial would produce a different result. *Lanham,* 130 Idaho at 498, 943 P.2d at 924; *Heitz v. Carroll*, 117 Idaho 373, 378, 788 P.2d 188, 193 (1990). Harper asserts that the district court did not fully perform this function because, otherwise, a new trial would have been granted. However, because Harper has failed provide a trial transcript on appeal, we cannot determine

7

whether the evidence was sufficient to justify the jury verdict and will not presume that the district court erred by denying Harper's motion for a new trial pursuant to I.R.C.P. 59(a)(6).

Harper also argues that the district court made improper evidentiary rulings at trial which necessitate a new trial. First, Harper asserts that the district court erred by admitting evidence that Harper's counseling license had been revoked and allowing a television interview to be played to the jury. Second, Harper asserts that the district court erred by excluding letters from doctors at trial. Specifically, Harper argues that two letters were inappropriately excluded as an apparent sanction for failure to provide them as exhibits. Harper further argues that he was unable to use certain other expert letters in evidence or as aids to cross-examine experts who testified. However, Harper admits that records from all of those doctors were admitted and all of them testified, either live or by videotape.

The Idaho Supreme Court has stated that challenges to a trial court's evidentiary rulings, including challenges to a trial court's decision to admit or exclude documentary or testimonial evidence, are reviewed under the abuse of discretion standard. *Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 50, 995 P.2d 816, 820 (2000). "Error is disregarded unless the ruling is a manifest abuse of the trial court's discretion and affects a substantial right of the party." *Id.* at 51, 995 P.2d at 821. To determine if there has been an abuse of discretion, this Court applies the following three factors: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *City of McCall v. Seubert*, 142 Idaho 580, 586, 130 P.3d 1118, 1124 (2006).

With respect to the license revocation details and television interview, in the order denying Harper's post-trial motions, the district court stated:

> [Harper's] demeanor and intelligence as described by his wife and friends before the accident were demonstrated during the Christian television interview. The problem for [Harper] is the Christian television interview was conducted well after the vehicle accident at issue and is completely inconsistent with [Harper's] trial testimony and demeanor. The Christian television interview was substantially probative of [Harper's] credibility.
>
> [Harper] also claims that his license revocation details should not have been presented to the jury. As the Court stated in open court, if [Harper's] wife would have acknowledged that one reason [Harper] was not working as a counselor for profit was because his license had been revoked, the Court would

8

then agree with [Harper] that no more details were appropriate. But a reasonable inference from the testimony of [Harper's] wife is that [Harper] could not be a counselor or make as much income as a counselor because of the vehicle accident. [Drzayich's] cross-examination of [Harper's] wife suggested other reasons her husband's counseling income decreased. On redirect her answers opened the door further as to the details of [Harper's] license revocation.

[Harper] further contends because the Court erroneously allowed the Christian television interview to be played to the jury [Harper's] religious and homosexual beliefs were wrongly presented to the jury. In the opening statement, [Harper] interjected to the jury his religious affiliations. His witnesses opened the trial with statements that '[Harper] was an ordained Baptist Minister, he had a voice ministry, he serves God rather than being interested in money, he counsels for "donations" and sings for "love offerings." All of these are commendable but were also being used to build [Harper's] credibility with the jury. [Harper] now complains because there may have been some mention by [Harper] of his views about homosexuality during [Harper's] interview on the Christian television program. [Harper] claims his religious and homosexual views prejudiced the jury against him to such a degree as to deprive him of a fair trial. There is no showing that the jury was prejudiced against [Harper] because of his expressed views about religion or homosexuality. There were many good things said about [Harper] during the interview. The content of the interview was not what was important. [Harper's] website interview was played to the jury as it was very probative regarding [Harper's] credibility.

Without a trial transcript, we cannot determine whether the district court correctly viewed the evidentiary ruling as one calling for the exercise of its discretion, acted within the boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it, and reached its decision by an exercise of reason. Therefore, because Harper failed to provide an adequate record on appeal, we will not presume that the district court erred by admitting evidence that Harper's counseling license had been revoked or allowing a television interview to be played to the jury.

Additionally, without a trial transcript, it is impossible to discern whether Harper's assertion is correct that the district court excluded two letters as an apparent sanction for failure to disclose them as exhibits prior to trial. However, we note that, in the order denying Harper's post-trial motions, the district court stated:

[Harper] contends the Court erred in not admitting letters or reports from two different health providers. As the Court stated in open Court, the letters contained hearsay. The important matters contained in the letters or reports had already been presented by live or trial deposition testimony to the jury. The author of one letter . . . was allowed to testify about his opinions and that they had not changed. The author of the other letter or report testified by trial deposition. Neither party

9

requested a supplemental trial deposition. The Court has reviewed its trial notes and did not err in ruling inadmissible the letters or reports.

As such, it appears that the district court excluded the letters because they contained hearsay.[4] As to Harper's assertion that he was unable to use certain other expert letters in evidence or as aids to cross-examine experts who testified, the record discloses no evidence to support such a claim. Again, because Harper has not provided an adequate record on appeal to support his claim that the district court erred by excluding or not allowing the use of certain letters at trial, we will not presume that the district court erred by doing so. Accordingly, Harper has failed to show that the district court made improper evidentiary rulings at trial that necessitate a new trial.

We next address Harper's assertion that, as an alternative to a new trial, the district court should have granted an additur pursuant to I.R.C.P. 59.1. Specifically, Harper argues that an additur was appropriate because the jury awarded inadequate damages due to the influence of passion or prejudice and the evidence was insufficient to justify a zero award for general damages.

A trial court's decision to grant or deny an additur is also reviewed under an abuse of discretion standard. *Collins v. Jones*, 131 Idaho 556, 558, 961 P.2d 647, 649 (1998). Appellate review of the trial court's exercise of discretion focuses upon the reasons stated by the trial court for granting or denying a motion for additurs or remittiturs. *Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 221, 923 P.2d 456, 466 (1996). The trial court must state its reasons with particularity unless those reasons are obvious from the record itself. *Id.* In determining an appropriate additur or remittitur amount, the trial court must weigh the evidence and the credibility of the witnesses. *See Sanchez v. Galey*, 112 Idaho 609, 614, 733 P.2d 1234, 1239 (1986); *Quick*, 111 Idaho at 766, 727 P.2d at 1194. However, we are not free to weigh the evidence as the district court did but, rather, simply inquire whether the trial court's findings of fact are supported by substantial and competent evidence. *Viebrock v. Gill*, 125 Idaho 948, 951,

---

[4] We note that the trial court has broad discretion whether to admit hearsay under one of the many exceptions to the general rule that hearsay is inadmissible. *Dep't of Health and Welfare v. Altman*, 122 Idaho 1004, 1007, 842 P.2d 683, 686 (1992); *Cheney v. Palos Verdes Inv. Corp.*, 104 Idaho 897, 900, 665 P.2d 661, 664 (1983). We will not overturn the exercise of that discretion absent a clear showing of abuse. *Cheney*, 104 Idaho at 900, 665 P.2d at 664.

877 P.2d 919, 922 (1994); *Haley v. Clinton*, 128 Idaho 123, 126, 910 P.2d 795, 798 (Ct. App. 1996).

As described above, the district court explained that, at the conclusion of closing arguments, the district court would have awarded Harper enough damages to go to the doctor and possibly have an MRI performed to be sure that Harper did not suffer some injury in the vehicle accident. The district court reasoned that a damage award of $1200 would have been appropriate to compensate Harper for his injuries, which was, as the district court noted, less than the damages found the by jury. As such, the district court concluded that the jury's award of $4100 was not given under the influence of passion or prejudice. The district court also determined that the evidence supported the verdict of the jury. Again, because Harper failed to provide the trial transcript on appeal, we cannot determine whether the district court's findings are supported by substantial and competent evidence. Therefore, we will not presume that the district court erred by denying Harper's motion for an additur.

## C.     Attorney Fees and Costs on Appeal

Drzayich argues that she is entitled to an award of attorney fees pursuant to I.C. § 12-121 and I.A.R. 41. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Drzayich asserts that, despite knowingly foregoing a trial transcript, Harper pursued this appeal without foundation. We agree. Therefore, we award attorney fees on appeal. Costs are granted as a matter of course to Drzayich as the prevailing party. I.A.R. 40.

## III.

## CONCLUSION

We decline to review the issue of whether transcript fees, record costs, and appellate filing fees should have been waived because the issue was already decided by the Idaho Supreme Court. Further, Harper failed to show that the district court made erroneous evidentiary rulings or erred by denying his motion for JNOV, a new trial, or additur. Accordingly, the district court's judgment and order denying Harper's motion for JNOV, a new trial, or additur is affirmed. Attorney fees and costs are awarded on appeal to Drzayich.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**