**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38854 & 38984**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 604 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SHAYNE RICHARD WARTH, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Shayne Richard Warth appeals from the district court's order relinquishing jurisdiction. For the reasons set forth below, we affirm.

Pursuant to a plea agreement, Warth pled guilty to two counts of delivery of a controlled substance and one count of possession with intent to deliver. I.C. § 37-2732(a)(1)(A). The district court sentenced Warth to a unified term of five years, with a minimum period of confinement of two years, for one count of delivery of a controlled substance; a unified term of six years, with a minimum period of confinement of two and a half years, for the second count of delivery of a controlled substance; and a unified term of four years, with a minimum period of confinement of one and a half years, for possession with intent to deliver. The district court ordered that Warth's sentences be served concurrently, suspended execution of Warth's sentences, and placed Warth on probation for a period of five years.

1

Probation violation reports were filed and, at a hearing on the alleged violations, Warth admitted to violating the terms of his probation. The district court continued Warth's probation with additional terms, but Warth again violated his probation. The district court revoked Warth's probation and imposed the underlying sentences, but retained jurisdiction and recommended Warth be placed in the therapeutic community program concurrent with the action of a district court in an unrelated case. After the district court in the unrelated case relinquished jurisdiction, the district court in this case also relinquished jurisdiction. Warth appealed. Warth's counsel filed a motion to augment the appellate record with a transcript of his probation violation hearing, which the Idaho Supreme Court denied.

Warth argues that the Idaho Supreme Court denied him due process of law when it denied his motion to augment the record. Specifically, Warth asserts that, because the minutes of the probation violation hearing that appear in the record do not reflect the specific admissions of probation violations that Warth made to the district court at that hearing, Warth's claims on appeal will not be addressed on their actual merits.

The issue of whether the Idaho Supreme Court deprived Warth due process when it denied his motion to augment the record appears to be foreclosed from further review by this Court because the issue was submitted to the Idaho Supreme Court through an appellate motion and denied. *See State v. Hardman*, 121 Idaho 873, 875, 828 P.2d 902, 904 (Ct. App. 1992) (holding that the issue of the denial of a defendant's motion for waiver of fees for preparation of transcripts for appeal was foreclosed from further review because the issue was submitted to the Idaho Supreme Court through an appellate motion and denied). Even assuming we may address the issue, the Idaho Supreme Court has explained that the state is only required to provide an indigent defendant a record on appeal that is sufficient for adequate appellate review of the errors alleged regarding the proceedings below. *See State v. Strand*, 137 Idaho 457, 462, 50 P.3d 472, 477 (2002). Here, the minutes of the probation violation hearing indicate that, after Warth was placed under oath, the district court reviewed the probation violation report with Warth and Warth admitted the allegations contained therein. The probation violation report appears in the record and contains specific allegations. Thus, contrary to Warth's assertion, the record reflects the specific admissions of probation violations that Warth made to the district court at the probation violation hearing. Further, the specific admissions that Warth made at that hearing were irrelevant to the district court's decision to relinquish jurisdiction--the only decision

2

challenged on appeal--because, as the district court determined, when the district court in the unrelated case relinquished jurisdiction, probation was no longer an option. Accordingly, Warth has failed to establish that the record on appeal is insufficient for adequate appellate review of the errors alleged regarding the proceedings below. Therefore, Warth has not shown that he was deprived of due process by the denial of his motion to augment the record.

Warth also argues that the district court abused its discretion when it relinquished jurisdiction. The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not an option. Thus, Warth has failed to show that the district court abused its discretion by relinquishing jurisdiction.

Warth finally argues that the district court should have sua sponte reduced his sentences upon relinquishment of jurisdiction. Specifically, Warth asserts that, in light of mitigating factors in this case--Warth's family support, positive employment background, age, cooperation with law enforcement, and difficult childhood--his sentences are excessively harsh. Sentences are reviewed for an abuse of discretion. Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by requiring execution of Warth's original sentence, without modification. Therefore, the district court's order relinquishing jurisdiction is affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**